Cyndie M. Chang (SBN 227542)
cmchang@duanemorris.com
**DUANE MORRIS LLP**
865 South Figueroa Street
Suite 3100
Los Angeles, CA 90017-5450
Telephone: 213.689.7400
Facsimile: 213.689.7401

Attorney for Defendant:
*Grand Chip Labs, Inc.*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| SKYWORKS SOLUTIONS CANADA, INC. AND SKYWORKS GLOBAL PTE LTD.<br><br>Plaintiffs,<br><br>v.<br><br>KANGXI COMMUNICATION TECHNOLOGIES (SHANGHAI) CO., LTD., GRAND CHIP LABS, INC., D-LINK CORPORATION, D-LINK SYSTEMS, INC. AND RUIJIE NETWORKS CO., LTD.<br><br>Defendants. | 8:24-cv-00976-FWS-ADS<br><br>**Grand Chip Labs, Inc.'s Answer to First Amended Complaint for Patent Infringement**<br><br>Amended Complaint Filed: July 17, 2024<br>Trial Date: Not Set<br><br>**Demand for Jury Trial** |

Defendant Grand Chip Labs, Inc. ("Defendant" or "Grand Chip Labs") hereby responds to the Amended Complaint for Patent Infringement ("Complaint") filed by Plaintiffs Skyworks Solutions Canada, Inc. and Skyworks Global Pte Ltd. (collectively "Plaintiffs" or "Skyworks") with the following Answer and Affirmative Defenses. Grand Chip Labs generally denies the allegations in the Complaint, whether express or implied, except as otherwise expressly admitted in the numbered paragraphs below. To the extent the allegations in the Complaint set forth legal conclusions, no response is required. Grand Chip Labs further denies that Skyworks is entitled to the relief requested or any other relief.

Grand Chip Labs responds to the correspondingly-numbered paragraphs in the Complaint as follows:

## NATURE OF THE ACTION[1]

1.  Grand Chip Labs admits the Complaint purports to be filed against the Defendants listed in Paragraph 1, but denies the remaining allegations in Paragraph 1.

## THE PARTIES

**A.  Skyworks**

2.  Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and accordingly, denies them.

3.  Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and accordingly, denies them.

4.  Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4, and accordingly, denies them.

5.  Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and accordingly, denies them.

---

[1] Grand Chip Labs repeats the headings, sub-headings, and numbered paragraphs set forth in the Complaint but makes no admissions regarding the substance of a heading or sub-heading or any other allegation of the Complaint.

2

6. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and accordingly, denies them.

7. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7, and accordingly, denies them.

**B.     The KCT Defendants**

8. Grand Chip Labs admits that Defendants Kangxi Communication Technologies (Shanghai) Co., Ltd., ("KCT") is a corporation organized under the laws of China and that its principal place of business is located at 5th Floor, Building 10, No. 399 Keyuan Road, Pudong New Area, Shanghai, China.

9. Grand Chip Labs admits that KCT was established in 2014 and that it offers certain wireless FEM products. To the extent that the allegations of paragraph 9 purport to characterize the contents of a written document, that document speaks for itself and no further answer is required. Grand Chip Labs denies the remaining allegations in Paragraph 9.

10. Denied.

11. Denied.

12. Grand Chip Labs admits it is a corporation organized under Nevada law with a principal place of business at 14151 Newport Ave., Suite 204, Tustin, CA 92780. Grand Chip Labs denies the remaining allegations in Paragraph 12.

13. Denied.

14. To the extent that the allegations of paragraph 14 of the Complaint purport to characterize the contents of a written document, that document speaks for itself and no further answer is required. Grand Chip Labs denies the remaining allegations in Paragraph 14.

**C.     The D-Link Defendants**

15. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and accordingly, denies them.

16. Grand Chip Labs lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 16, and accordingly, denies them.

17. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17, and accordingly, denies them.

18. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and accordingly, denies them.

**D.   Ruijie**

19. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and accordingly, denies them.

20. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and accordingly, denies them.

21. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and accordingly, denies them.

## JURISDICTION AND VENUE

22. Grand Chip Labs admits the Complaint purports to be a civil action for patent infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.

23. Admitted.

**A.   The KCT Defendants**

   i)   *[KCT]*

24. Denied.
25. Denied.
26. Denied.
27. Denied.

   ii)   *[Grand Chip Labs]*

28. Admitted.
29. Denied.
30. Denied.

### B. **The D-Link Defendants**

#### i) *D-Link Corporation*

31. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31, and accordingly, denies them.

32. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32, and accordingly, denies them.

33. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 33, and accordingly, denies them.

#### ii) *D-Link Systems, Inc.*

34. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 34, and accordingly, denies them.

35. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 35, and accordingly, denies them.

36. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36, and accordingly, denies them.

37. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37, and accordingly, denies them.

### C. **Ruijie**

38. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 38, and accordingly, denies them.

39. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39, and accordingly, denies them.

40. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40, and accordingly, denies them.

41. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and accordingly, denies them.

# FACTUAL BACKGROUND

## A. Technology Background

42. Denied.

43. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43, and accordingly, denies them.

44. Grand Chip Labs admits that Paragraph 44 of the Complaint purports to provide a description of Wi-Fi FEMs, but denies that said description in the Complaint accurately reflects the scope of the patent-in-suit or Skyworks' substantive allegations.

45. Grand Chip Labs admits that Paragraph 45 of the Complaint purports to provide a description of Wi-Fi FEMs, but denies that said description in the Complaint accurately reflects the scope of the patent-in-suit or Skyworks' substantive allegations.

46. Grand Chip Labs admits that Paragraph 46 of the Complaint purports to provide a description of Wi-Fi FEMs, but denies that said description in the Complaint accurately reflects the scope of the patent-in-suit or Skyworks' substantive allegations.

47. Grand Chip Labs admits that Paragraph 47 of the Complaint purports to provide a description of Wi-Fi FEMs, but denies that said description in the Complaint accurately reflects the scope of the patent-in-suit or Skyworks' substantive allegations.

48. Grand Chip Labs admits that Paragraph 48 of the Complaint purports to provide a description of Wi-Fi FEMs, but denies that said description in the Complaint accurately reflects the scope of the patent-in-suit or Skyworks' substantive allegations.

49. Denied.

## B. The '200 Patent

50. Denied.

51. Grand Chip Labs admits that the face of the '200 Patent states that it is titled "Module integration integrated circuits," and that it issued on August 5, 2008. Grand Chip Labs admits that what purports to be a certified copy of the '200 Patent is filed on the case docket at Dkt. 1-8. Grand Chip Labs denies the remaining allegations in Paragraph 51.

52. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and accordingly, denies them.

53. Grand Chip Labs admits that Paragraph 53 accurately reproduces some text from the '200 patent. To the extent that paragraph 53 purports to characterize the contents of a written document, that document speaks for itself and no further answer is required. Grand Chip Labs denies the remaining allegations in Paragraph 53.

54. Grand Chip Labs admits that Paragraph 54 accurately reproduces some text from the '200 patent. To the extent that paragraph 54 purports to characterize the contents of a written document, that document speaks for itself and no further answer is required. Grand Chip Labs denies the remaining allegations in Paragraph 54.

55. Grand Chip Labs admits that Paragraph 55 accurately reproduces some text from the '200 patent. To the extent that paragraph 55 purports to characterize the contents of a written document, that document speaks for itself and no further answer is required. Grand Chip Labs denies the remaining allegations in Paragraph 55.

**COUNT I – INFRINGEMENT OF U.S. PATENT NO. 7,409,200**

56. Grand Chip Labs incorporates its responses to all previous paragraphs as if fully set forth herein.

57. Denied.

**A.     Infringement by the KCT Defendants**

58. Denied.

59. Denied.

60. Denied.

61. Denied.
62. Denied.
63. Denied.
64. Denied.
65. Denied.
66. Denied.
67. Denied.
68. Denied.
69. Denied.
70. Denied.
71. Denied.
72. To the extent that the allegations of Paragraph 72 purport to characterize the contents of written documents, those documents speak for themselves and no further response is required. Grand Chip Labs denies the remaining allegations in Paragraph 72.
73. Denied.
74. Denied.
75. Denied.
76. Denied.
77. Denied.
78. Denied.

**B.     Infringement by the D-Link Defendants**

79. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and accordingly, denies them.
80. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and accordingly, denies them.
81. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and accordingly, denies them.

82. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 82, and accordingly, denies them.

83. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and accordingly, denies them.

84. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and accordingly, denies them.

85. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and accordingly, denies them.

86. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and accordingly, denies them.

87. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and accordingly, denies them.

### C. **Infringement by Ruijie**

88. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and accordingly, denies them.

89. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 89, and accordingly, denies them.

90. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 90, and accordingly, denies them.

91. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 91, and accordingly, denies them.

92. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 92, and accordingly, denies them.

93. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 93, and accordingly, denies them.

94. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 94, and accordingly, denies them.

95. Grand Chip Labs lacks knowledge or information sufficient to form a

belief as to the truth of the allegations in Paragraph 95, and accordingly, denies them.

96. Grand Chip Labs lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 96, and accordingly, denies them.

## PRAYER FOR RELIEF

Grand Chip Labs denies it has acted unlawfully. Grand Chip Labs denies Plaintiffs are entitled to the requested relief.

## DEMAND FOR JURY TRIAL

Grand Chip Labs admits Skyworks demands a trial by jury. Grand Chip Labs also demands a trial by jury.

## AFFIRMATIVE DEFENSES

Grand Chip Labs asserts the following affirmative and other defenses as to the Asserted Patents. Grand Chip Labs's inclusion of these affirmative defenses is not a concession that Grand Chip Labs bears the burden of proof with respect to any of them. Discovery has just begun at the time of this Answer, and therefore, Grand Chip Labs has not yet had sufficient time and opportunity to collect and review all the information that may be relevant to the matters and issues raised herein. Grand Chip Labs reserves the right to seek amendment of, modify, and/or expand these defenses and to take further positions as discovery proceeds in this civil action. Furthermore, to the extent Complainants further amend the Complaint, Grand Chip Labs expressly reserves the right to amend this Answer.

I. **FIRST AFFIRMATIVE DEFENSE: INVALIDITY OVER THE PRIOR ART**

1. The asserted claims of the '200 Patent are invalid for failing to comply with one or more of the requirements set forth in 35 U.S.C. §§ 101, 102, 103, 112, 116, and/or 256.

## II. SECOND AFFIRMATIVE DEFENSE: LACK OF WRITTEN DESCRIPTION

2. At least the asserted claims of the Asserted Patent are invalid under 35 U.S.C. § 112 because the Asserted Patent does not reasonably convey to those skilled in the art that the named inventor(s) had possession of the claimed subject matter as of the filing date.

## III. THIRD AFFIRMATIVE DEFENSE: INDEFINITENESS

3. At least the asserted claims of the Asserted Patent are invalid under 35 U.S.C. § 112 for failing to particularly point out and distinctly claim the subject matter which the applicant regards as his invention.

## IV. FOURTH AFFIRMATIVE DEFENSE: ENABLEMENT

4. At least the asserted claims of the Asserted Patent are invalid under 35 U.S.C. § 112 because the Asserted Patent fails to disclose the manner and process of making and using the alleged inventions set forth in the claims, in such full, clear, concise, and exact terms as to enable any person skilled in the art to which it pertains, or with which it is most nearly connected, to make and use the same.

## V. FIFTH AFFIRMATIVE DEFENSE: NON-INFRINGEMENT

5. Without conceding a legal burden where none exists, Grand Chip Labs does not directly infringe, indirectly infringe, contribute to infringement, or induce infringement of any valid or enforceable claim of the '200 Patent, either literally or under the doctrine of equivalents, and has not otherwise committed any acts in violation of 35 U.S.C. § 271. Grand Chip Labs does not directly or indirectly infringe any valid and enforceable claim of the '200 Patent either before, at, or after the time of importation or same; it does not induce infringement by any other party or non-party;

and it does not contribute to infringement by any other party or non-party.

## VI. SIXTH AFFIRMATIVE DEFENSE: PATENT EXHAUSTION AND EXPRESS OR IMPLIED LICENSE

6. Plaintiffs' claims are barred, in whole or in part, by prior licenses and/or the doctrine of patent exhaustion. This includes without limitation situations where allegedly infringing products or components are supplied to, directly or indirectly, by a supplier or other entity who (a) has an express or implied license to the Asserted Patent and/or (b) is protected by the doctrine of patent exhaustion.

7. The allegations set forth herein are made on the information and belief of Grand Chip Labs and are subject to the discovery of additional evidence.

## VII. SEVENTH AFFIRMATIVE DEFENSE: EQUITABLE DEFENSES

8. Plaintiffs' claims are barred in whole or in party by the equitable doctrines of unclean hands, estoppel, waiver, and/or acquiescence.

## VIII. EIGHTH AFFIRMATIVE DEFENSE: OTHER DEFENSES

9. Grand Chip Labs further reserves the right to amend its Answer to include other affirmative defenses that it may learn of during the course of this case by way of discovery of additional evidence or otherwise.

Dated: August 30, 2024

Respectfully submitted,

*/s/Cyndie M. Chang*
Cyndie M. Chang (SBN 227542)
cmchang@duanemorris.com
**DUANE MORRIS LLP**
865 South Figueroa Street
Suite 3100
Los Angeles, CA 90017-5450
Telephone: 213.689.7400
Facsimile: 213.689.7401

Attorney for Defendant:
*Grand Chip Labs, Inc.*

## DEMAND FOR JURY

Pursuant to L.R. 38-1, Grand Chip Labs hereby demands a trial by jury.

*/s/ Cyndie M. Chang*
Cyndie M. Chang

## CERTIFICATE OF SERVICE

I certify that I caused the foregoing document to be electronically filed on August 30, 2024, with the Clerk using the CM/ECF System. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the court's CM/ECF system.

*/s/ Cyndie M. Chang*
Cyndie M. Chang