James M. Dowd (SBN 211280)
james.dowd@wilmerhale.com
Derek A. Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel: +1 213 443 5300

Joseph F. Haag (SBN 248749)
joseph.haag@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: +1 650 858 6000

Kate Saxton (*Admitted Pro Hac Vice*)
Kate.Saxton@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Tel: +1 617 526 6000

*Attorneys for Plaintiffs Skyworks Solutions Canada, Inc. and Skyworks Global Pte Ltd.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SKYWORKS SOLUTIONS CANADA, INC. AND SKYWORKS GLOBAL PTE LTD, <br><br> Plaintiff, <br><br> v. <br><br> KANGXI COMMUNICATION TECHNOLOGIES (SHANGHAI) CO., LTD., GRAND CHIP LABS, INC., D-LINK CORPORATION, DLINK SYSTEMS, INC., AND RUIJIE NETWORKS CO., LTD., <br><br> Defendants. | Case No.: 8:24-cv-00976-FWS-ADS <br><br> **SKYWORKS' RESPONSE TO ORDER TO SHOW CAUSE FOR LACK OF PROSECUTION** |

Plaintiffs Skyworks Solutions Canada, Inc. and Skyworks Global PTE LTE (collectively, "Skyworks") respectfully submits that it has diligently pursued its claims against each named defendant, including by requesting and securing waivers of service under Federal Rule of Civil Procedure 4(d), promptly agreeing to extend deadlines for responsive pleadings, and diligently negotiating with defendants regarding the now-pending motion to stay pursuant to 28 U.S.C. § 1659 in view of parallel proceedings before the U.S. International Trade Commission ("ITC") (*see* Dkt. 45). For these reasons, and those detailed more fully below, Skyworks respectfully requests that this case not be dismissed for lack of prosecution.

### A. Skyworks' Complaint

Skyworks filed its First Amended Complaint ("Complaint") on July 17, 2024, alleging that defendants Kangxi Communications Technologies (Shanghai) Co., Ltd., ("KCT") and Grand Chip Labs, Inc. ("GCLI"); D-Link Corporation ("D-Link Corp.") and D-Link Systems, Inc. ("D-Link Inc."); and Ruijie Networks Co., Ltd. ("Ruijie") infringe United States Patent No. 7,409,200. Dkt. 23 at ¶ 1. As discussed in the Complaint, certain of these defendants (*i.e.*, GLCI and D-Link Inc.) are located in the United States while the remainder (*i.e.*, KCT, D-Link Corp., and Ruijie) are located abroad. Skyworks has diligently pursued its claims against each of these defendants.

### B. Skyworks' Diligent Prosecution Against The Domestic Defendants

Because GCLI and D-Link Inc. are domiciled in California (*see* Dkt. 25 at ¶¶ 12, 28-30 (GCLI); *id.* at ¶¶ 16, 34-37 (D-Link Systems, Inc.)), Skyworks promptly served the Complaint on each of these two defendants in compliance with Federal Rule of Civil Procedure 4(c). Dkts. 39, 40 [Proofs of Service]; Declaration of Derek A. Gosma ("Gosma Decl.") at ¶ 5.

After it was served, GCLI asked Skyworks for a reasonable extension of time to respond to the Complaint and Skyworks promptly agreed. Gosma Decl. at ¶ 6. This agreement was memorialized in a Joint Stipulation to Extend Time to Respond

to the First Amended Complaint that GCLI filed on August 12, 2024, which reflects the parties' agreement to extend the deadline for GCLI's response until August 23, 2024. *See* Dkt. 41. Although slightly delayed, GCLI then filed its Answer on August 30, 2024.[1] *See* Dkt. 44. Accordingly, there presently appears to be no meritorious basis upon which Skyworks could seek default against GCLI.

Skyworks has been similarly diligent in pursuing its Complaint against D-Link Inc. Upon learning the identity of D-Link's counsel, Skyworks promptly requested that D-Link agree to waive service pursuant to Federal Rule of Civil Procedure 4(d). Gosma Decl. ¶ 8. D-Link responded by agreeing to waive service as to both the United States entity (D-Link Inc.) and the foreign entity (D-Link Corp.) if Skyworks would agree to extend the deadline for both defendants to respond. *Id.* Skyworks agreed, and on September 4, 2024, D-Link filed a Joint Stipulation for Extension of Time to Respond to First Amended Complaint, requesting D-Link's deadline to respond to the First Amended Complaint be extended to December 2, 2024.[2] *See* Dkt. 47. Accordingly, there presently appears to be no meritorious basis upon which Skyworks could seek default against either D-Link entity.

Skyworks has thus diligently pursued its Complaint against the domestic defendants.

### C. Skyworks' Diligent Prosecution Against The Foreign Defendants

KCT and Ruijie are both Chinese corporations located in China. Dkt. 23 at ¶¶ 8 (KCT), 19 (Ruijie). China is a party to the Hague Service Convention. *See, e.g.*, U.S. Dept. of State, Bureau of Consular Affairs, China Judicial Assistance Information[3]; *Hubei Gezhouba Sanlian Indus. Co., Ltd. v. Robinson Helicopter Co.,*

---

[1] Skyworks understands this brief delay was occasioned by the parties' negotiations regarding the now-filed motion to stay pursuant to 28 U.S.C. § 1659. *See* Dkt. 45.

[2] Skyworks agreed to the requested return date for D-Link's answer because, under 28 U.S.C. § 1659, D-Link has a right to stay in favor of the ITC proceedings so the additional time will not delay the proceedings before this Court.

[3] *Available at*, https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/China.html (last visited Sept. 4, 2024).

*Inc.*, 2009 WL 2190187, at *2 (C.D. Cal. July 22, 2009), *aff'd*, 425 Fed. App'x 580 (9th Cir. 2011) ("Both the United States and China are signatories to the Hague Convention."); *Dolls Kill, Inc. v. Yunye Apparel Retail Ltd.*, 2023 WL 6192699, at *1 (C.D. Cal. Aug. 16, 2023) ("China is a signatory to the Hague Service Convention[.]").

Because service under the Hauge convention is time consuming, the 90-day deadline to serve defendants "does not apply to service in a foreign country under Rule 4(f)[.]" Fed. R. Civ. P. 4(m). Nevertheless, in an attempt to diligently prosecute its Complaint, Skyworks asked each of KCT and Ruijie to waive service (as D-Link has) pursuant to Federal Rule of Civil Procedure 4(d). To date, KCT has declined and Ruijie has not yet agreed to waive service. Gosma Decl. ¶¶ 7, 9.

Anticipating this potential response, Skyworks in parallel also diligently commenced the process for serving KCT and Ruijie via the Hague in accordance with Federal Rule of Civil Procedure 4(f)(1). To date, Skyworks has had copies of the Summons, the First Amended Complaint, and all charts, exhibits, and other documents attached and/or referenced in the First Amended Complaint translated into Mandarin Chinese, and has submitted those materials to an agent for service of process specializing in foreign service via the Hague to effectuate service. Gosma Decl. ¶ 10-11. Based upon publicly available data, service via the Hague could be completed by the first quarter of 2025 at the earliest. *See, e.g.*, Hague Conference on Private International Law, China – Central Authority & Practical Information (estimating "[a]round 6 months" for execution of requests).[4] Skyworks' agent for foreign service has indicated, however, that based upon its recent experience, service via the Hague could take longer. Gosma Decl. ¶ 11.

In addition, because KCT and Ruijie each have actual notice of the Complaint (*e.g.*, via counsel), because both have refused to waive service under Rule 4(d), and

---

[4] *Available at* https://www.hcch.net/en/states/authorities/details3/?aid=243 (last visited Sept. 4, 2024).

in the hopes of obviating the judicial burdens, costs, and delay that service via the Hague necessitates, Skyworks is also preparing a motion pursuant to Federal Rule of Civil Procedure 4(f)(3) requesting authorization to perform alternative service on KCT and Ruijie (*e.g.*, via a known good email address).  *See, e.g.*, *Rio Props., Inc. v. Rio Int'l. Interlink*, 284 F.3d 1007, 1015-16 (9th Cir. 2002) (holding each of three methods proscribed by Rule 4(f) "stand[] independently, on equal footing," and service under Rule 4(f)(3) is "neither a 'last resort' nor 'extraordinary relief'"); *ThermoLife Int'l, LLC v. Werteks Closed Stock*, 2020 WL 6743586, at *3 (C.D. Cal. Apr. 14, 2020) (holding service by email to address listed on Russian defendant's business website proper under Fed. R. Civ. P. 4(f)); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 WL 1140639, at *2 (N.D. Cal. Apr. 17, 2007) (holding service by email proper where prior communication by email has been effective); *SEC v. China Sky One Medical, Inc.*, 2013 WL 12314508, at *2-3 (C.D. Cal. Aug. 20, 2013) (holding service by email on defendant in China does not violate the Hague Convention); *Laltitude LLC v. Shenzhen Jinnuo Precision Prod. Co.*, 2022 WL 19395401, at *2-3 (C.D. Cal. Dec. 7, 2022) (finding that email service is not prohibited where plaintiffs had communicated via email with defendants); *Hian v. Does*, 2019 WL 12447339, at *2-3 (C.D. Cal. July 1, 2019) (allowing email service on defendant in China).  Baring a change of heart by KCT and Ruijie on Rule 4(d) waiver, Skyworks anticipates filing this motion by September 9, 2024.

Finally, as discussed above, D-Link Corporation, which is organized under the laws of Taiwan (*see* Complaint, Dkt. 25 at ¶ 15), has already agreed to waive service under Rule 4(d) and agreed to file its Answer by no later than December 2, 2024.  *See* Dkt. 47.

Accordingly, there appears to be no meritorious basis upon which Skyworks could seek default against any of the foreign defendants.

\* \* \*

For the reasons discussed above, Skyworks respectfully submits it has been diligent in pursuing its Complaint against each defendant, and that good cause therefore exists to permit Skyworks' Complaint to proceed. Accordingly, Skyworks respectfully asks the Court not to dismiss this case for lack of prosecution.

Dated: September 4, 2024          Respectfully Submitted,

By: */s/ James M. Dowd*
James M. Dowd (SBN 211280)
*james.dowd@wilmerhale.com*
Derek A. Gosma (SBN 274515)
*derek.gosma@wilmerhale.com*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel: +1 213 443 5300

Joseph F. Haag (SBN 248749)
*joseph.haag@wilmerhale.com*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: +1 650 858 6000

Kate Saxton (*Admitted Pro Hac Vice*)
*Kate.Saxton@wilmerhale.com*
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Tel: +1 617 526 6000

*Attorneys for Plaintiffs Skyworks Solutions Canada, Inc. and Skyworks Global Pte Ltd.*