James M. Dowd (SBN 211280)
james.dowd@wilmerhale.com
Derek A. Gosma (SBN 274515)
derek.gosma@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
350 South Grand Avenue, Suite 2400
Los Angeles, CA 90071
Tel: +1 213 443 5300

Joseph F. Haag (SBN 248749)
joseph.haag@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
2600 El Camino Real, Suite 400
Palo Alto, CA 94306
Tel: +1 650 858 6000

Kate Saxton (*Admitted Pro Hac Vice*)
Kate.Saxton@wilmerhale.com
**WILMER CUTLER PICKERING HALE AND DORR LLP**
60 State Street
Boston, MA 02109
Tel: +1 617 526 6000

*Attorneys for Plaintiffs Skyworks Solutions Canada, Inc. and Skyworks Global Pte Ltd.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

| | |
|---|---|
| SKYWORKS SOLUTIONS CANADA, INC. AND SKYWORKS GLOBAL PTE LTD , <br><br>Plaintiff, <br><br>v. <br><br>KANGXI COMMUNICATION TECHNOLOGIES (SHANGHAI) CO., LTD., GRAND CHIP LABS, INC., D-LINK CORPORATION, DLINK SYSTEMS, INC., AND RUIJIE NETWORKS CO., LTD., <br><br>Defendants. | Case No.: 8:24-cv-00976-FWS-ADS <br><br>**DECLARATION OF DEREK A. GOSMA IN SUPPORT OF SKYWORKS'S RESPONSE TO ORDER TO SHOW CAUSE FOR LACK OF PROSECUTION** |

I, Derek A. Gosma, declare and state as follows:

1. I am an attorney at the law firm of Wilmer Cutler Pickering Hale and Dorr LLP, counsel for Plaintiffs Skyworks Solutions Canada, Inc. and Skyworks Global PTE LTE (collectively, "Skyworks") in the above-captioned matter.

2. I make this Declaration in support of Skyworks' Response To Order To Show Cause for Lack of Prosecution.

3. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would competently testify thereto.

4. On July 16, 2024, Skyworks filed suit at the International Trade Commission captioned *Certain Wireless Front-End Modules and Devices Containing Same*, Inv. No. 337-TA-1413 ("ITC Investigation"). The ITC Investigation asserts the patent asserted in the above-captioned case as well as the patents asserted in a related case before this Court (No. 8:20-cv-00974) against the defendants named in both matters. *See Certain Wireless Front-End Modules and Devices Containing Same*, Inv. No. 337-TA-1413, EDIS Doc ID No. 826172 [Public Complaint].

5. Skyworks's First Amended Complaint names defendants domiciled in the United States as well as defendants domiciled in China and Taiwan. Defendants Grand Chip Labs, Inc. ("GCLI") and D-Link Systems, Inc. are domiciled in the United States so Skyworks effectuated service upon these entities pursuant to Federal Rule 4(c). Pursuant to Federal Rule 4(f), Skyworks prepared to serve D-Link Corporation, a Taiwanese corporation, via a Letter Rogatory from this Court, and serve both Kangxi Communication Technologies (Shanghai) Co., Ltd ("KCT") and Ruijie Networks Co., Ltd. ("Ruijie"), Chinese corporations, via the Hague Service Convention.

6. On August 5, 2024, counsel for GCLI reached out to Skyworks' counsel indicating that they represented GCLI and defendant KCT in connection with the matters before this Court and the ITC Investigation. As part of the parties'

subsequent discussions, the parties agreed to extend the deadline for GCLI to respond to the complaint.

7. In addition, Skyworks asked whether GCLI's and KCT's counsel was authorized to waive foreign service on behalf of KCT. Counsel indicated that they were not so authorized. Skyworks reached out again on September 4 to ask counsel whether KCT would agree to waive foreign service. KCT has not yet responded.

8. On August 23, 2024, counsel for D-Link Corporation and D-Link Systems, Inc. (collectively, "D-Link") reached out to Skyworks's counsel. As part of the parties' subsequent discussions, D-Link agreed to waive service of D-Link Corporation if Skyworks agreed to extend the deadline for both of the D-Link defendants to respond to the First Amended Complaint. Skyworks agreed.

9. On August 23, 2024, counsel representing Ruijie in the ITC Investigation noticed their appearance. On September 4, Skyworks asked them whether they were authorized to waive foreign service in the matters before this Court. Ruijie's ITC counsel has not yet responded.

10. Service via a Letter Rogatory and the Hague Service Convention both require that the service package include certified translations of the complaint and summons. After filing its First Amended Complaint, Skyworks thus initiated certified translations of its First Amended Complaint, the Summons, and all documents attached and/or referenced in the First Amended Complaint. The translation process was completed on August 22, 2024.

11. Assuming that KCT and Ruijie would not waive foreign service, Skyworks commenced the process to serve both entities via the Hague Service Convention. After completing the translation described in paragraph 10, Skyworks retained ABC Legal, an entity specializing in foreign service, to effectuate service via the Hague. *See* https://www.abclegal.com/international. Skyworks provided ABC Legal with the documents described in Paragraph 10 on September 3, 2024.

1  ABC Legal has represented to Skyworks that, based on its recent experience, the
2  time to effect foreign service in China is 8-12 months.
3          12.     Because D-Link agreed to waive foreign service of D-Link
4  Corporation, Skyworks did not file a request to this Court to issue a Letter Rogatory
5  as to D-Link.

7          I declare under penalty of perjury under the laws of the United States of
8  America that the foregoing is true and correct to the best of my knowledge.
9          Executed this 4th day of September.

                                                    By: _____
                                                    Derek A. Gosma